UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MELANIE SPOON, *et al*, § § Plaintiffs, § VS. § CIVIL ACTION NO. 3:17-CV-120 § CITY OF GALVESTON, TEXAS, *et al*, § § § Defendants. § | |

## Memorandum Opinion and Order

Before the Court is the Motion to Dismiss Plaintiffs' Claims for Failure to State a Claim filed by Defendant City of Galveston ("Galveston"). Dkt. 24. After considering the motion, all relevant filings, and the applicable law, the Court **GRANTS** Galveston's motion to dismiss.

## Background

Plaintiff Melanie Spoon went to buy a car from All American Chevrolet of Odessa ("All American"). Dkt. 23 at ¶ 17. She drove the car from the Odessa dealership to Galveston. *Id*. All American demanded that Spoon return the car, but she refused. *Id*. at ¶¶ 17-22. Pete Estrada ("Estrada") of All American reported to the Odessa Police Department that the car had been stolen. *Id*. at ¶ 25. Sergeant Monise of the Odessa Police Department entered the car into a law enforcement computer system—the Texas Crime Information Center & Texas Law Enforcement Telecommunications System—as a stolen vehicle. *Id*.

On April 8, 2016, officers from the Galveston Police Department met with Melanie and Cal Spoon (collectively "the Spoons") at their business to talk to them about the car. Dkt. 23 at ¶ 23. After speaking with the Spoons, the officers decided that the dispute over the ownership of the car was a civil matter and left. *Id.* at ¶ 24. Among the officers at the scene was Officer Driver. Later that afternoon, Officer Driver learned from Estrada that the car had been reported as stolen to the Odessa Police Department. *Id.* at ¶ 25. Officer Driver spoke with his supervisor, Sergeant Graves, about what to do next. Officer Driver returned to the Spoon's business followed later by other officers. *Id.* at ¶ 28. An officer announced that they had returned to recover the car as it was reported stolen. *Id.* at ¶ 30. The car was towed away and Cal Spoon was handcuffed for about 15 minutes during the events that followed. *Id.* at ¶ 28.

Galveston argues the Spoons fail to plead any facts to support their claims against the City. For the reasons stated below, the Court finds that Galveston's motion to dismiss should be granted.

**Standard of Review**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8 (a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true and view them in a light most favorable to the plaintiff. *Id.*

To defeat a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, the court does not accept as true legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## Analysis

In their First Amended Complaint, the Spoons allege that Galveston is liable for the actions of its officers "due to their policies, practices, customs and procedures which caused the Spoon's [sic] Constitutional violations." They also state, "It is clear the officers did not have the requisite training. Despite the evidence against the officers regarding the incident there has been no retraining, discipline or consequence to any of the involved deputies indicating a custom, policy, practice or procedure by [Galveston] … of allowing or causing all of the aforementioned bad acts." Dkt. 23 at ¶ 44. While the

Spoons do not explicitly state in their First Amended Complaint that they are suing Galveston under 42. U.S.C. § 1983, the response to Galveston's motion to dismiss shows they seek to recover under § 1983. *See* Dkt. 35 at p. 17.

Galveston argues that it cannot be held vicariously liable for the constitutional violations committed by its officers and that the Spoons have failed to identify any specific policy or custom that led to their alleged injury. The Court agrees.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011). A local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights can only be considered an official government policy where the failure to train amounts to "deliberate indifference" to the rights of persons with whom the employee comes into contact. *Id.* "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Here, the Spoons allege that Galveston's "policies, practices, customs and procedures" led to their alleged injury and that Galveston failed to train or discipline its officers. Dkt. 23. ¶ 44. These allegations, however, do not state, other than in conclusory fashion, factual matter that indicates that Galveston had an official policy to violate

constitutional rights. *Clark v. La Marque Indep. Sch. Dist.*, 54 F.Appx 412 (5th Cir. 2002) ("A plaintiff raising a constitutional claim against a municipality must identify the policy, connect the policy to the municipal body, and show that the particular injury occurred because of the execution of the policy."); *see also Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). The allegations also fail to plead facts that suggest Galveston was "deliberately indifferent" to the rights of its citizens by failing to train its officers. *Connick*, 563 U.S. at 62 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."). Accordingly, the Spoons' complaint does not plead sufficient facts to state a plausible claim for relief against Galveston.

## Conclusion

As the Spoons have already amended their complaint in response to Galveston's anticipated motion to dismiss and have failed to correct the deficiencies in their pleadings, the Court finds that any additional amendments to the Spoons' complaint would be futile. For the foregoing reasons, the Court **GRANTS** Galveston's motion to dismiss. Accordingly, all claims against Galveston are **DISMISSED WITH PREJUDICE**.

SIGNED at Galveston, Texas, this 19th day of June, 2018.

_____
George C. Hanks Jr.
United States District Judge