UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MELANIE SPOON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-120 |
| | § | |
| CITY OF GALVESTON, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## Memorandum Opinion and Order

Before the Court is the Motion for Summary Judgment filed by Defendants Sergeant Herbert Graves ("Sergeant Graves") and Officers Ronnie Driver ("Officer Driver"), Jeffrey Dagle ("Officer Dagle"), and Joe Duenez ("Officer Duenez") (collectively "Galveston Defendants"). Dkt. 25. After considering the motion, the response, the evidence in the summary judgment record, and the record of this case as a whole, the Court **GRANTS** the Galveston Defendants' motion for summary judgment.

## Factual Background

Plaintiff Melanie Spoon went to buy a car from All American Chevrolet of Odessa ("All American"). Dkt. 23 at ¶ 17. She drove the car from the Odessa dealership to Galveston. *Id*. All American demanded that Spoon return the car, but she refused. *Id*. at ¶¶ 17-22. Pete Estrada ("Estrada") of All American reported to the Odessa Police Department that the car had been stolen. *Id*. at ¶ 25. Sergeant Monise of the Odessa Police Department entered the car into a law enforcement computer system—the Texas

Crime Information Center & Texas Law Enforcement Telecommunications System ("TCIC")—as a stolen vehicle. *Id.*

TCIC reports show that by 2:12 PM on April 8, 2016, the car had been entered into the system as stolen. Dkt. 25-7. At approximately 2:35 PM on the same day, officers from the Galveston Police Department met with Melanie and Cal Spoon (collectively "the Spoons") at their business to talk to them about the car. Dkt. 23 at ¶ 23. After speaking with the Spoons, the officers decided that the dispute over the ownership of the car was a civil matter and left. *Id.* at ¶ 24. Among the officers at the scene was Officer Driver. Later that afternoon, Officer Driver learned from Estrada that the car had been reported as stolen to the Odessa Police Department. *Id.* at ¶ 25. Officer Driver spoke with his supervisor, Sergeant Graves, about what to do next. At about 3:40 PM, Officer Driver returned to the Spoon's business followed later by Sergeant Graves and Officers Dagle and Duenez. *Id.* at ¶ 28; *see also* Dkt. 25-2.

A video recording from Officer Driver's police vehicle shows Cal Spoon telling Officer Driver and Sergeant Graves, "Nobody is taking the car." Dkt. 25-2.[1] Sergeant Graves told Cal Spoon that the officers had come to recover the car because it had been reported as stolen. *Id.* Sergeant Graves also told Cal Spoon, "If the car is here, we have to tow it." *Id.* Cal Spoon then stood at the door, directly in front of Sergeant Graves and Officer Driver, and said, "You can't come into my property without me saying so." *Id.* Cal Spoon was subsequently handcuffed for about 15 minutes, and Sergeant Graves ordered the car to be towed away. Dkt. 23 at ¶ 28; Dkt. 25-2.

---

[1] The Spoons do not contest the authenticity of the video recording.

The Spoons have brought this action under 42 U.S.C. § 1983 against the Galveston Defendants alleging that their actions to have the car towed away and to detain Cal Spoon violated the Spoons' rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. In their pending motion for summary judgment, the Galveston Defendants assert that they are entitled to qualified immunity from this suit. Specifically, they assert that their actions did not violate clearly established law because 1) the Galveston Defendants' actions to have the car towed away and to detain Cal Spoon were reasonable and 2) they did not use excessive force in handcuffing Spoon. For the reasons stated below, the Court finds that the Galveston Defendants' motion for summary judgment should be granted.

**Standard of Review**

A. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue or dispute is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the movant demonstrates the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to provide "specific facts" showing the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."). Also, the Court gives "greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.,* 14 F.3d 1056, 1060 (5th Cir. 1995) (For the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy the burden."), *citing Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991). Additionally, "self-serving statements, without more, will not defeat a motion for summary judgment, particularly

one supported by plentiful contrary evidence." *Smith v. Sw. Bell Tel. Co.*, 456 Fed. Appx. 489, 492 (5th Cir. 2012).

B. Qualified Immunity

As the Fifth Circuit recently noted, "The Supreme Court has 'mandated a two-step sequence for resolving government officials' qualified immunity claims.'" *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727–28 (5th Cir. 2018) (citing *Pearson v. Callahan,* 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). The court must determine (1) "whether the facts that a plaintiff has alleged … make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* "A right may be clearly established without 'a case directly on point,' but 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (citing *Hanks v. Rogers*, 853 F.3d 738, 746–47 (5th Cir. 2017)).

Once an official raises the defense of qualified immunity, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Still, at the summary judgment stage, this Court must "view the facts in the light most favorable to … the nonmoving party." *City & Cty. of San Francisco v. Sheehan*, —— U.S. ——, 135 S.Ct. 1765, 1769, 191 L.Ed.2d 856 (2015). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the

nonmovant must "come forward with specific facts indicating a genuine issue for trial" and cannot merely rely on the allegations in the complaint. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). Further, it is the plaintiff who has the burden to demonstrate that the relevant law was "clearly established in this area on the date of the incident." *Lincoln v Turner,* 874 F.3d 833, 849 (5th Cir. 2017).

**Analysis**

A. Fourth Amendment—Seizure Claims

1. The Towing of the Car

First, the Spoons assert that the Galveston Defendants' actions to have the car towed away constituted an unlawful seizure. The Fourth Amendment, made applicable to state actors through the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A determination of whether a seizure is unreasonable, and therefore in violation of the Fourth Amendment, involves a careful balancing of governmental and private interests. *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985); *see also Freeman v. City of Dallas*, 242 F.3d 642, 649 (5th Cir. 2001).

The Court finds that Sergeant Graves had probable cause to believe that the car was stolen. Therefore, his order to seize the car was reasonable under the Fourth Amendment. Here, the summary judgment evidence establishes that Sergeant Graves reasonably relied on information on the TCIC, which identified the car in question as stolen, as the basis for concluding there was probable cause the car was stolen and ordering the car's seizure under Texas law. *Williams v. State*, 621 S.W.2d 613, 615 (Tex.

Crim. App. 1981) ("The officers reasonably believed the automobile was stolen; its impoundment … w[as] lawful."); *Benavides v. State*, 600 S.W.2d 809, 811 (Tex. Crim. App. 1980) ("The impoundment is lawful if the automobile is stolen or the police have a reasonable belief that it is stolen."); *Fineron v. State*, 201 S.W.3d 361, 367 (Tex. App.—El Paso 2006, no pet.) ("[S]tolen property may be seized and impounded for the true owner."). As the Fifth Circuit has held, information obtained from law enforcement databases provides a reliable basis for probable cause to seize persons or property. *See e.g.*, *Brooks v. George Cty.*, 84 F.3d 157, 167 n.12 (5th Cir. 1996) (citing *United States v. McDonald*, 606 F.2d 552, 552-54 (5th Cir. 1979)); *see also Duckett v. City of Cedar Park*, 950 F.2d 272, 280 (5th Cir. 1992). Contrary to the Spoons' arguments, Officer Driver's initial assessment, based on limited information, that the dispute was a civil matter is irrelevant in determining whether Sergeant Graves later acted reasonably under Texas law. Accordingly Sergeant Graves, as well as the other Galveston Defendants, are entitled to qualified immunity from this claim. *See Kitchen v. Dallas Cnty.*, 759 F.3d 468, 481 (5th Cir. 2014) (holding that at least one officer must be liable for the violation of a plaintiff's constitutional rights before bystander liability can attach to other officers).

2. Cal Spoon's Detention

Next, the Spoons argue that Cal Spoon's brief detention also constituted an unlawful seizure. Only unreasonable searches and seizures violate the Fourth Amendment. *See Ohio v. Robinette*, 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). "Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." *Id.*

An arrest must be based on probable cause. *United States v. Cooper*, 43 F.3d 140, 146 (5th Cir. 1995). On the other hand, a "limited investigative stop" is permissible if there is a "reasonable suspicion" that a person has committed or is about to commit a crime. *Id.* at 145. Handcuffing a person does not "automatically convert an investigatory detention into an arrest requiring probable cause." *United States v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013) (quoting *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993)). Police officers "may take reasonable actions under the circumstances to ensure their own safety, as well as the safety of the public, during an encounter with a suspect." *Id.* While there is "no rigid time limitation" on investigatory detentions, the court examines whether the police acted "diligently." *Turner v. Lieutenant Driver*, 848 F.3d 678, 693 (5th Cir. 2017) (quoting *United States v. Sharpe*, 470 U.S. 675, 685-86, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985)). Also, under Texas law, it is a crime to interfere with a police officer's duties. Tex. Penal Code Ann. § 38.15(a)(1).

The Court finds that Cal Spoon's detention was reasonable under the Fourth Amendment. The video recording from Officer Driver's vehicle establishes that Sergeant Graves and Officer Driver handcuffed Cal Spoon to ensure the safety of the Galveston Defendants and Spoon and to prevent him from interfering with the towing of the car. The recording depicting Cal Spoon's words and actions "quite clearly contradicts the version of the story told by" the Spoons that Cal Spoon did not interfere with the towing of the car. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).[2]

---

[2] In addition, "[t]here are no allegations or indications that this videotape was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened." *Id.*

Cal Spoon stated to Sergeant Graves and Officer Driver, "Nobody is taking the car." After being told by Sergeant Graves that the police would have to tow the car, Cal Spoon blocked Sergeant Graves and Officer Driver's entrance to the door and stated, "You can't come into my property without me saying so."

The Court also finds that the Galveston Defendants acted diligently and that the length of Cal Spoon's detention was reasonable in scope to the circumstances that led to his detention. *See United States v. Massi*, 761 F.3d 512, 521 (5th Cir. 2014). The video recording from Officer Driver's vehicle shows that Cal Spoon was handcuffed for a total of approximately 15 minutes. During this time, a tow truck arrived, lifted and hitched the car, and drove out of the Spoons' business. In fact, a video recording submitted by the Spoons as part of the summary judgment evidence establishes that Cal Spoon had been taken out of the handcuffs before the car was fully towed away. Dkt. 53. Viewing "the facts in the light depicted by the videotape," the Court finds that the totality of the circumstances shows Sergeant Graves and Officer Driver acted reasonably in handcuffing Cal Spoon. *Scott*, 550 U.S. 372 at 381.[3] Accordingly, Sergeant Graves and Officer Driver, as well as the other Galveston Defendants, are entitled to qualified immunity from this claim. *Kitchen*, 759 F.3d at 481.

B. Fourth Amendment—Excessive Force Claim

Next, the Spoons assert that the Galveston Defendants used excessive force in restraining and handcuffing Cal Spoon. Their excessive force claim "is separate and

---

[3] Not only was Cal Spoon's temporary detention reasonable, under the circumstances established by the video recording, the Galveston Defendants had probable cause to arrest him for violation of Tex. Penal Code § 38.15(a)(1). *See Childers v. Iglesias*, 848 F.3d 412, 414-15 (5th Cir. 2017).

distinct from [their] unlawful [detention] claim, and [the court] must therefore analyze the excessive force claim without regard to whether the [detention] itself was justified." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007). "To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quotations omitted). "[W]hether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

The Spoons have produced no summary judgment evidence establishing that Cal Spoon suffered any injuries due to the handcuffing. The video recording from Officer Driver's vehicle shows that after Cal Spoon complained about the tightness of the handcuffs, Officer Driver tried repeatedly to loosen up the handcuffs so as to remove discomfort.[4] At one point Officer Driver asked Cal Spoon, "Is that better?" and later told him, "I'm double-locking these so they don't tighten up on one of them." Based on the recording, a reasonable jury could not find that either Sergeant Graves or Officer Driver used excessive or unreasonable force under the facts and circumstances of the case. *See Scott*, 550 U.S 372 at 380-81. Therefore, Sergeant Graves and Officer Driver are entitled to qualified immunity on the excessive-force claim. As a result, other Galveston

---

[4] A video submitted by the Spoons as summary judgment evidence depicts the same thing. Dkt. 53.

Defendants are also entitled to qualified immunity on this claim. *Kitchen*, 759 F.3d at 481.

C. Fifth and Fourteenth Amendment Claims

Reviewing the pleadings, the exact nature and basis of the Spoons' claims under the Fifth and Fourteenth Amendments are unclear. Nevertheless, the Galveston Defendants are entitled to qualified immunity from the Spoons' Fifth Amendment claims because there is no evidence that the Galveston Defendants were federal actors. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Likewise, the Galveston Defendants are entitled to qualified immunity from the Spoons' Fourteenth Amendment claims because the Spoons have not provided any argument or summary judgment evidence establishing that the Galveston Defendants' actions were in any way unlawful. Accordingly, the Court's review of the Fourteenth Amendment claim under the Fourth Amendment is sufficient. *See Conn v. Gabbert*, 526 U.S. 286, 293, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999).

## Conclusion

For the foregoing reasons, the Court **GRANTS** the Galveston Defendants' motion for summary judgment. Accordingly, it is hereby **ORDERED** that all causes of action asserted by the Spoons against the Galveston Defendants are **DISMISSED WITH PREJUDICE**.

SIGNED at Galveston, Texas, this 19th day of June, 2018.

_____
George C. Hanks Jr.
United States District Judge