UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MELANIE SPOON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-00120 |
| | § | |
| CITY OF GALVESTON, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

Now before the Court is Officer Muniz's ("Muniz")[1] Motion for Partial Summary Judgment (Dkt. 72) and Amended Motion for Summary Judgment (Dkt. 73). Having reviewed the motions, the responses, and the applicable law, this Court hereby **GRANTS** Muniz's Amended Motion for Summary Judgment (Dkt. 73) and **DENIES AS MOOT** Muniz's Motion for Partial Summary Judgment (Dkt. 72). Because of these rulings, this Court will also **GRANT** summary judgment in favor of the City of Odessa ("Odessa"). *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (upholding a district court's determination that summary judgment granted in favor of certain defendants to a § 1983 action inured to the benefit of similarly situated defendants that had not filed for summary judgment). Having dismissed all Plaintiffs', Melanie Spoon and Cal Spoon (collectively "the Spoons"), claims under federal law, the Court declines to exercise its supplemental jurisdiction over the Spoons' remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Court **DISMISSES** all remaining state-law claims against any remining Defendants **WITHOUT PREJUDICE** to "their assertion in a court of competent jurisdiction." *Premiere Network Servs. v. SBC Communs., Inc.*, 440 F.3d 683, 692-693 (5th Cir. 2006) (finding that a district court was correct in dismissing the

---

[1] The Plaintiffs mistakenly refer to Officer Muniz as "Officer Monise" in their First Amended Complaint. Dkt. 23 at 1.

remaining state-law claims in a case without prejudice where no federal-law claims remained).

## Factual Background and Prior Proceedings

On or around December 15, 2015, Plaintiff Melanie Spoon ("Ms. Spoon") drove from Galveston, TX to Odessa, TX to buy a car from All American Chevrolet of Odessa ("All American"). Dkt. 23 at 4. Unable to buy a car outright, Ms. Spoon agreed to finance the purchase of a 2015 Chevrolet Tahoe ("Tahoe") through a third-party financier. Dkt. 52-4. After returning to Galveston with the newly financed car, All American notified Ms. Spoon that there were problems with her financing and that she either had to return the Tahoe, obtain alternative financing, or pay off the Tahoe immediately. Dkt. 52-3 at 2. Ms. Spoon did none of these things.

On April 6, 2016, All American's general sales manager, Pedro Estrada ("Estrada"), made a report with Cari Apodaca ("Apodaca") of the Odessa Police Department informing her of Ms. Spoon's refusal to return the Tahoe to All American. Dkt. 73-1. However, Estrada indicated that he was not interested in pressing charges for theft at that time. *Id*. Unsure of what to do next, Apodaca contacted Muniz, the case officer on duty,[2] for direction on how to proceed. *Id*. Muniz advised Apodaca to generate an information report and file it in the Odessa Police Department's records. *Id*.

Two days later, Estrada returned to the Odessa Police Department and informed Apodaca that the dealership now wanted to press charges against Ms. Spoon. Dkt. 73-5 at 11. In response to this new information, Apodaca updated her original report and forwarded it along to Odessa Police Department Dispatch. Dkt. 73-1. From there, either Muniz or another member of the Odessa Police Department entered the Tahoe as stolen into TCIC/NCIC[3]—a database that electronically notifies law enforcement of theft reports. *Id*. Several hours later, the Galveston Police Department went to Ms. Spoon's

---
[2] Although Defendant Muniz disputes that he was the case officer for Estrada's complaint, this fact is not material, and the Court will make all factual inferences in favor of the non-moving party at this stage in the proceeding.
[3] Muniz also disputes that he entered Ms. Spoon's information into TCIC/NCIC, however this fact is also not material.

place of business to recover the Tahoe. Dkt. 23 at 8. Neither Muniz nor any other Odessa Police Department officer physically participated in the recovery of the Tahoe. *Id*.

The Spoons now file this lawsuit, in part, to receive relief for the alleged harms they suffered during the recovery of All American's Tahoe. Specifically, the Spoons have alleged claims under 42 U.S.C. 1983 for (1) unlawful seizure of their Tahoe, (2) unlawful seizure of Cal Spoon, and (3) the use of excessive force in detaining Cal Spoon. Dkt. 23 at 9-10. Importantly, the only theory under which the Spoons claim that their constitutional rights were deprived by Muniz, or any other Odessa employee, is that these Defendants "violated the Spoon's Fourth Amendment and Fourteenth Amendments rights, at least, when they directly or indirectly reported Spoon's vehicle stolen when it was not…" Dkt. 23 at 10.

This Court has already granted summary judgment in this case as to four Galveston police officers[4] and dismissed this case as to the City of Galveston.[5] Accordingly, the only remaining defendants to this case are All American, Estrada, Muniz, and Odessa. For the following reasons, this Court will now grant summary judgment in this case for Muniz and Odessa. All American and Estrada are the only Defendants that remain in this suit.

## Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where the "'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Initially, the moving party bears the burden "of informing the district court of the basis for its motion,

---

[4] *See Spoon v. City of Galveston*, No. 3:17-CV-120, 2018 U.S. Dist. LEXIS 102032, 2018 WL 3032582 (S.D. Tex. Jun. 19, 2018).
[5] *See Spoon v. City of Galveston*, No. 3:17-CV-120, 2018 U.S. Dist. LEXIS 102030, 2018 WL 3032583 (S.D. Tex. Jun. 19, 2018).

and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (internal quotation marks omitted). If the moving party fulfills this responsibility, the non-moving party must then "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (internal quotation marks omitted). Conclusory statements, speculation, and unsubstantiated assertions will not suffice to meet the non-movant's summary judgment burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). However, all evidence will be reviewed in the light most favorable to the non-moving party and all reasonable inferences will be drawn in the non-moving party's favor. *Adickes v. S.H. Kress*, 398 U.S. 144, 157 (1970).

## Analysis

### a. Muniz Asserts Qualified Immunity

Defendant, Muniz, argues that he is entitled to summary judgment on the issue of qualified immunity because any action he took to report the Spoons' vehicle as stolen was done "pursuant to the performance of his duties and within the scope of his discretionary authority." *Williams v. Treen*, 671 F.2d 892, 896 (5th Cir. 1982). The Spoons believe that "[t]he summary judgment evidence clearly has raised fact issues" as to whether Muniz can claim qualified immunity here. Dkt. 82 at 28. For the following reasons, the Court finds that no genuine issue of material fact exists as to Muniz's qualified immunity and he should be dismissed from this suit.

### b. The Law of Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, this doctrine "balances two important interests—the need to hold public officials accountable when they exercise power

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (quotations omitted).

Unique from other defenses to suit, "[a] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015). Specifically, once a state official asserts the defense, "the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). At that point, "[t]he plaintiff bears the burden of proving that a government official is not entitled to qualified immunity." *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005).

In order to do this, the Plaintiff has to satisfy a "two part test" established by the Supreme Court, which determines "whether the presumption of qualified immunity [has been] overcome." *Autin v. City of Baytown*, 174 F. App'x 183, 184 (5th Cir. 2005). The first part, requires the Plaintiff to show that "the official violated a statutory or constitutional right," and the second part, requires the Plaintiff to show "that the right was clearly established at the time of the challenged conduct." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016). If both of these tests are met, a public official will not have qualified immunity from suit. *See id*. But, if the Plaintiff fails to satisfy either of these tests, the public official will have qualified immunity from suit. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

c. **Muniz is Qualifiedly Immune from this Suit**

Here, the Spoons have failed to meet their burden to provide any evidence that Muniz "violated a statutory or constitutional right." *Cass*, 814 F.3d at 728. Therefore, Muniz is qualifiedly immune from this suit. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

In order to defeat the presumption in favor of Muniz's qualified immunity, the Spoons are required to show that Muniz "violated a statutory or constitutional right." *Cass*, 814 F.3d at 728. The only constitutional violations that the Spoons allege Muniz committed are violations of "Fourth Amendment and Fourteenth Amendments rights, at least, when [he] directly or indirectly reported Spoon's vehicle stolen when it was not…" Dkt. 23 at 10. However, there is no evidence in the record to suggest that Muniz, or any other Odessa Police Department officer, reported the Tahoe as stolen when they "knew" it was not. To the contrary, all evidence in the record suggests that the Tahoe was reported as stolen because the Odessa Police Department relied on information and documents provided by Estrada stating that the Tahoe was stolen. *See* Dkt. 73-1 (Apodaca believed that the Tahoe was stolen after Estrada told her so and provided Apodaca with a "certified letter" describing why Ms. Spoon's financing fell through). Reporting a vehicle as stolen because of reliance on information and documentation provided by third-parties is not a violation of a constitutional right. Rather, this is exactly the kind of function officers have been entrusted to carry out—report crimes that reasonably appear to have occurred based on physical documentation and oral statements. *See id*. Speculative and unsubstantiated allegations that Muniz knowingly misreported the Tahoe as stolen in order to harm the Plaintiffs is not evidence of a violation of a constitutional right of the caliber required to defeat the presumption in favor of Muniz's qualified immunity. *See Douglass*, 79 F.3d at 1429 (Conclusory statements, speculation, and unsubstantiated assertions will not suffice to meet the non-movant's summary judgment burden). Accordingly, because the Spoons have provided no evidence that Muniz violated a statutory or constitutional right, this Court finds that he has qualified immunity from this suit.

### d. Muniz's Qualifiedly Immune Inures to the Benefit of Odessa

The Spoons allege that the City of Odessa committed the same constitutional violation as Muniz. *See* Dkt. 23 at 10 (Odessa "violated the Spoon's Fourth Amendment and Fourteenth Amendments rights, at least, when they directly or indirectly reported Spoon's vehicle stolen when it was not…."). Therefore, summary judgment in favor of

Muniz here inures to the benefit of the City of Odessa. *Lewis*, 236 F.3d at 768 ("[W]here a defending party establishes that plaintiff has no cause of action…this defense generally inures also to the benefit" of defendants to the same claim.). "The policy rationale for this [result] is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id*. (quotations omitted). Therefore, this Court now also grants summary judgment in favor of Odessa, notwithstanding the fact that Odessa has not moved for summary judgment itself.

**Conclusion**

For the foregoing reasons, the Court **GRANTS** summary judgment for Muniz and Odessa. Accordingly, it is hereby **ORDERED** that all causes of action asserted by the Spoons against Muniz and Odessa are **DISMISSED WITH PREJUDICE**. Furthermore, having dismissed all of Plaintiffs' claims under federal law, the Court declines to exercise its supplemental jurisdiction over the Plaintiffs' remaining state-law claims against All American and Estrada. *See* 28 U.S.C. § 1367(c)(3); *see also Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999)* (In the Fifth Circuit, the "general rule is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial[.]") (quotation marks omitted). Accordingly, the Court **DISMISSES** all remaining state-law claims against All American and Estrada **WITHOUT PREJUDICE** to "their assertion in a court of competent jurisdiction." *Premiere Network Servs. v. SBC Communs., Inc.*, 440 F.3d 683, 692-693 (5th Cir. 2006) (finding that a district court was correct in dismissing the remaining state-law claims in a case without prejudice where no federal-law claims remained). No claims remain in this case.

SIGNED at Galveston, Texas, this 29th day of November, 2018.

George C. Hanks Jr.
United States District Judge